UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

Gregory James Reed,                          Case No. 14-53838-MBM
                                                     Chapter 7
                  Debtor.     /             Hon. Marci B. McIvor
Gregory J. Reed,
Michigan Attorney General,

                Plaintiffs,

v.                                                            Adv. Pro. No. 17-04082

David Findling, Special Counsel for
Trustee,

                Defendant.    /

## OPINION DENYING GREGORY JAMES REED'S
## MOTION FOR RECUSAL OF BANKRUPTCY JUDGE

On February 20, 2017, Gregory James Reed filed a motion requesting the recusal of Bankruptcy Judge Marci B. McIvor in the above referenced adversary proceeding. The Court has carefully reviewed the Motion and determined that neither a response nor a hearing is necessary because the record and the law provide grounds for ruling on the Motion. For the following reasons, Reed's motion is DENIED.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Debtor Gregory Reed, Norwaine Reed and Sharon Lawson filed Articles of Incorporation for the "Keeper of the Word Foundation" ("KWF"). KWF was established as a

non-profit corporation whose purpose was to collect and preserve items of historic interest, primarily for educational purposes.

On October 3, 2000, Verladia Blount filed for divorce from Gregory Reed. A Judgment of Divorce was entered on May 16, 2003. Ultimately, Blount was awarded $230,000 in the divorce proceedings, payable by Reed. Blount was unable to collect on her judgment and, on September 6, 2013, David Findling was appointed by the Wayne County Circuit Court as receiver in the divorce case.

On August 28, 2014, Reed ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Kenneth Nathan was appointed as the Chapter 7 Trustee in the case. On February 4, 2015, this Court entered an Order Approving the Application for Employment of David Findling as special counsel to the Chapter 7 Trustee.

On December 15, 2014, Blount filed a claim in the amount of $230,000. (Claim No. 2). On March 15, 2016, this Court entered an Order Denying Debtor's Objection to Blount's Claim. (Docket No. 481). This ruling was later affirmed by the Federal District Court for the Eastern District of Michigan (Docket No. 589). Debtor has appealed the District Court's ruling to the United States Sixth Circuit Court of Appeals.

On June 15, 2015, the Trustee filed a Motion for Turnover of Property of the Estate, seeking to marshal all of Debtor's assets. The Court subsequently held a multiple day evidentiary hearing on the Motion.

On December 17, 2015, this Court issued an Opinion setting forth the assets owned or controlled by Debtor and entered an Order requiring turnover of those assets to the Chapter 7 Trustee. One of the assets which this Court included as property of the bankruptcy estate is real

property located at 1201-1209 Bagley, Detroit, MI (the "Bagley Property"). This Court found that, although the Bagley Property was titled in KWF's name, Debtor had co-mingled his assets with those of KWF to such an extent that Debtor's 50% interest in the Bagley Property was property of the bankruptcy estate.[1] The other 50% interest in the Bagley Property is held by the Charles H. Brown Trust. (See, Opinion Requiring Debtor to Turnover Assets to the Bankruptcy Estate, Docket No. 344, pp. 26-32). The Order effectuating that Opinion states in relevant part:

> IT IS HEREBY ORDERED that the Chapter 7 Trustee's Motion for Turnover, is GRANTED. The following assets must be turned over to the Chapter 7 Trustee:
>
> * * *
>
> (7) The fifty (50%) percent interest held by Keeper of the Word Foundation in the real property located at 1201-1209 Bagley, Detroit, Michigan; and
>
> * * *
>
> IT IS FURTHER ORDERED that the above referenced property shall be turned over to the Trustee within ten (10) days of the entry of this Order.

On December 23, 2015, Debtor Gregory Reed and Keeper of the Word Foundation appealed this Court's December 17, 2015 ruling.

On January 4, 2016, this Court entered an Amended Order Granting Chapter 7 Trustee's Motion for Turnover.[2]

On August 30, 2016, the Trustee filed a Motion for Sale of the Bagley Property. The

---

[1] The December 17, 2015 Opinion contains a lengthy statement of the facts detailing the Debtor's commingling of his assets with those of KWF.

[2] The original Order entered with the Opinion Granting Chapter 7 Trustee's Motion for Turnover was amended to fix a typographical error in the address of the property located on Burns, Detroit, MI.

3

Trustee sought to sell the Bagley Property to Byzantine Holdings, LLC for $1,060,000.00. The Trustee and the Charles H. Brown Trust (the co-owner of the Bagley Property) accepted the offer subject to Court approval and the entry of an order authorizing the sale of the Property.

Between September 19, 2016 and September 30, 2016, KWF, Debtor Gregory Reed, Gregory J. Reed & Associates, P.C., the Gregory J. Reed Scholarship Foundation, and two individuals, K. El Hakim and L Wilson, filed objections to the Motion for Sale of the Bagley Property.

On October 11, 2016, the United States District Court for the Eastern District of Michigan issued its Amended Opinion and Order Affirming the Bankruptcy Court's January 4, 2016 Order requiring turnover of the assets. That Opinion and Order affirmed the Bankruptcy Court's ruling that Debtor's bankruptcy estate includes a 50% interest in the Bagley Property. *See, Reed v. Nathan,* 558 B.R. 800 (E.D. Mich. 2016). KWF has appealed the District Court's Order to the United States Sixth Circuit Court of Appeals.

On October 18, 2016, counsel for KWF filed a Motion to Withdraw as counsel. On October 24, 2016, counsel for Debtor Gregory Reed filed a Motion to Withdraw as counsel.

On November 3, 2016 and November 8, 2016, creditor Verladia Blount (Debtor's ex-wife) and the Charles H. Brown Trust (the other 50% co-owner of the Bagley Property) filed concurrences with the Trustee's Motion for Sale of the Bagley Property.

On November 8, 2016, this Court entered its Order Approving Sale of Real Property and for Payment of Real Property Taxes and Closing Costs at Closing. Debtor did not appeal the Order Approving Sale.

4

**Adversary Case No. 16-5089**

On November 16, 2016, KWF filed a complaint in the Wayne County Circuit Court against Kenneth A. Nathan, Chapter 7 Trustee, David Findling, Special Counsel for Trustee, Byzantine Holdings, LLC, Dwellings Unlimited, LLC, Debtor's Estate and John Does. (Wayne County Circuit Court Case No. 16-014948-CH). The complaint contained the following counts:

> Count I - Declaratory Relief, requesting that the state court void orders of the bankruptcy court and award KWF compensatory damages of $600,000.
>
> Count II - Fraudulent Conveyance, requesting that the state court void orders of the bankruptcy court and the federal district court and award KWF treble damages in excess of $1.8 million.
>
> Count III - Abuse of Process, alleging that Defendants' actions in the bankruptcy case were an abuse of process and seeking damages in excess of $25,000.
>
> Count IV - Slander of Title, alleging that Defendants unlawfully encumbered assets of KWF and seeking damages in an unspecified amount.
>
> Count V - Business Interference: Disrupt Charitable Purposes, alleging that Defendants engaged in malicious acts and seeking damages in excess of one million dollars.
>
> Count VI - Violation of Elliot Larsen Act, alleging that Defendants violated the Elliott Larsen Act and seeking damages in an unspecified amount.

On November 23, 2016, the trustee Kenneth Nathan and his special counsel, David Findling, filed a notice to remove the Wayne County Circuit Court proceeding (Case No. 16-014948-CH) to the Bankruptcy Court. The removed case was given Adversary Case No. 16-5089.

On December 12, 2016, KWF filed a motion for remand. In that motion for remand, KWF argued that the bankruptcy court did not have jurisdiction over the state court action.

On January 10, 2016, Dwellings Unlimited, LLC, a defendant in the removed state court case, filed a Motion to Dismiss. On January 13, 2017, defendants Kenneth Nathan and David Findling filed a Motion for Summary Judgment in the removed state court case.

On January 13, 2017, this Court held a hearing on KWF's Motion for Remand. At the conclusion of the hearing, the Court issued a bench opinion denying the Motion for Remand. An Order Denying the Motion to Remand was entered on January 17, 2017. KWF did not appeal that ruling.

On January 27, 2017, in the removed case (Adv. Proc. No. 16-5089), KWF filed a Motion seeking the recusal of Judge Marci B. McIvor. KWF's Motion argued that Judge McIvor should recuse herself because she "cannot be reasonably objective" (Motion to Recuse, ¶ 2). Specifically, KWF argued that: (1) the Court erred in appointing David Findling as special counsel to the Trustee (Motion to Recuse, ¶¶ 4, 5 and 10); (2) the Court erred in its Order requiring the turnover of certain assets to the bankruptcy estate (Motion to Recuse, ¶ 15); (3) the Court erred in granting the Trustee's Motion to Sell the Bagley Property (Motion to Recuse, ¶16); and (4) the Court erred in denying KWF's Motion to Remand (Motion to Recuse, ¶ 17).

On February 8, 2017, this Court issued at Opinion and Order Denying Keeper of the Word Foundation's Motion for Recusal of Bankruptcy Judge. (Docket No. 38 and 39).

On March 1, 2017, this Court issued and Opinion and Order (1) Granting Defendants Findling and Nathan's Motion for Summary Judgment; (2) Granting Defendant Dwellings Unlimited LLC's Motion to Dismiss; and (3) Dismissing Complaint as to All Defendants. (Docket No. 58 and 59).

**Adversary Case No. 17-4082**

On January 20, 2017, Debtor Gregory James Reed filed a complaint in the Wayne County Circuit Court against David M. Findling, Agents, Associates, Employers & John Does. (Wayne County Circuit Court Case No. 17-000506-CZ). The complaint contained the following counts: Count I - Breach of Fiduciary Duty; Count II - Conflict of Interest; Count III - Breach of Confidentiality; Count IV - Extortion; Count V- Abuse of Process; Count VI - Misrepresentation; Count VI [sic] - Malicious Prosecution; and Count VII [sic] - Injunctive Relief Attorney General.

On January 24, 2017, Defendant David Findling, filed a notice to remove the Wayne County Circuit Court proceeding (Case No. 17-000506-CZ) to the Bankruptcy Court. The removed case was given Adversary Case No. 17-4082.

On February 14, 2017, Debtor filed a motion for remand.

On February 20, 2017, Debtor filed a Corrected Motion to Recuse Judge. In the Recusal Motion, Debtor argues that the Bankruptcy Judge Marci McIvor "cannot be reasonably objective." Debtor argues that recusal is warranted because: (1) Judge McIvor erred in denying KWF's Motion to Remand in adversary case 16-5089; (2) Debtor disagrees with the factual findings made by this Court in prior rulings including the Opinion and Order Granting the Trustee's Motion for Turnover, and (3) Judge McIvor's appointment of Defendant David Findling as Special Counsel for the Trustee was erroneous.

For the following reasons, Reed's Motion to Recuse is DENIED.

II.

ARGUMENT

Debtor Gregory Reed contends that Judge McIvor should be disqualified from hearing matters in this case pursuant to 28 U.S.C. § 455(a). That statute provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under § 455(a), a court must assess "whether a reasonable person would infer, from all the circumstances, that the judge's impartiality is subject to question." *Baker v. City of Detroit*, 458 F.Supp. 374, 376 (E.D. Mich. 1978). In all cases, the movant bears the burden of establishing that disqualification is warranted under § 455. *In re Desilets*, 268 B.R. 516 (W.D. Mich. 2001). However, the ultimate decision on disqualification is within the Court's discretion. *Schilling v. Heavrin* (*In re Triple S Restaurants, Inc.*), 422 F.3d 405, 417 (6th Cir. 2006).

Generally, recusal under § 455(a) is necessitated by extra-judicial, as opposed to judicial factors. *See, e.g., In re Desilets,* 268 B.R. at 520. The United States Supreme Court has explained, ". . . judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. … Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky,* 510 U.S. 540, 555-56 (1994) (citations and quotations omitted). In the Sixth Circuit, this "extrajudicial source" factor has given rise to the frequent observation that disqualification under § 455 cannot be premised on purely judicial conduct. *See, e.g., United States v. Arhebamen,* 197 Fed. Appx. 461, 465 (6th Cir. 2006)(unpublished)(citing *Green v. Nevers,* 111 F.3d 1295, 1303-04 (6th Cir. 1997)); *Martin v. LaBelle,* 7 Fed. Appx. 492 (6th Cir. 2001) (unpublished); *United States v. Story,* 716 F.2d 1088, 1091 (6th Cir. 1983).

8

In the *Hartsel* case, the Sixth Circuit Court of Appeals described extra-judicial bias as follows:

> We stated that to justify recusal under 28 U.S.C. § 455, the prejudice or bias must be personal or extrajudicial.
>
> > "Personal" bias is prejudice that emanates from some source other than participation in the proceedings or prior contact with related cases. Personal bias arises out of the judge's background and associations. The critical test is whether the alleged bias "stem[s] from an extrajudicial source and result[s] in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *Id*. at 599 (*quoting Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251-52 (6th Cir.1989)).

*United States v. Hartsel,* 199 F.3d 812, 820 (6th Cir. 1999). The Movant has the burden of establishing that a reasonable person would find that bias exists. *Id.; Consolidated Rail Corp. v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999).

In his Motion to Recuse, Debtor does not make any allegations regarding extra-judicial conduct. Every example cited by Debtor to demonstrate this Court's inability to be impartial relates to a ruling made by the Court, on matters brought before the Court by the parties in the bankruptcy case. Specifically, the Motion to Recuse objects to the Court's denial of KWF's Motion for Remand in adversary case 16-5089, this Court's Opinion and Order Regarding Turnover, and the Court's Order Appointing Defendant David Findling as Special Counsel to the Trustee. All of these rulings were based on the facts and the law as applied to these facts. To the extent Debtor disagreed with these ruling, Debtor's remedy was to file an appeal. Debtor has provided no facts which demonstrate extra-judicial conduct by Judge McIvor. There is no basis for recusal under 28 U.S.C. 455(a).

9

17-04082-mbm    Doc 24    Filed 03/15/17    Entered 03/15/17 11:56:04    Page 9 of 10

III.

## CONCLUSION

Debtor has failed to establish grounds for recusal in this case. Therefore, this Court DENIES Debtor's Motion to Recuse.

Signed on March 15, 2017

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge

10

17-04082-mbm    Doc 24    Filed 03/15/17    Entered 03/15/17 11:56:04    Page 10 of 10