UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In the matter of:

Gregory James Reed,

                  Debtor.    /

Case No. 14-53838-MBM
Chapter 7
Hon. Marci B. McIvor

Gregory James Reed,

                Plaintiff,

v.

Adv. Pro. No. 17-04082

David M. Findling, Agents, Associates,
Employers and John Does,

                Defendants.    /

## **OPINION GRANTING DEFENDANT'S MOTION TO DISMISS**

The matter before the Court is Defendant's Motion to Dismiss and/or for Summary Judgment. For the following reasons, Defendant's Motion is GRANTED.

I.

FACTUAL AND PROCEDURAL BACKGROUND

In 1996, Debtor Gregory Reed, Norwaine Reed and Sharon Lawson filed Articles of Incorporation for the "Keeper of the Word Foundation" ("KWF"). KWF was established as a non-profit corporation whose purpose was to collect and preserve items of historic interest, primarily for educational purposes.

On October 3, 2000, Verladia Blount filed for divorce from Gregory Reed in Wayne County Circuit Court. (Hereinafter the divorce litigation is referred to as "the divorce action").

A Judgment of Divorce was entered on May 16, 2003. Ultimately, Blount was awarded $230,000 in the divorce action payable by Reed. Blount was unable to collect on her judgment and, on September 6, 2013, David Findling was appointed by the Wayne County Circuit Court as receiver in the divorce action. Reed challenged Findling's appointment as receiver, and on June 2, 2014, the Wayne County Circuit Court held a hearing on Reed's objections to Findling's appointment. Reed's objections were overruled, and on June 12, 2014, the Wayne County Circuit Court entered an order affirming the appointment of Findling as receiver in the divorce action.

On August 28, 2014, Reed ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Kenneth Nathan was appointed as the Chapter 7 Trustee in the case. On February 4, 2015, this Court entered an Order Approving the Application for Employment of David Findling as Special Counsel to the Chapter 7 Trustee. On February 8, 2015, Debtor filed a Motion to Vacate the Order Approving the Application for Employment of David Findling as Special Counsel to the Trustee. On March 4, 2015, the Court entered an Order Amending the Order Approving Employment.

On December 15, 2014, Blount filed a claim in the amount of $230,000. (Claim No. 2). On March 15, 2016, this Court entered an Order Denying Debtor's Objection to Blount's Claim. (Docket No. 481). This ruling was later affirmed by the Federal District Court for the Eastern District of Michigan (Docket No. 589). Debtor has appealed the District Court's ruling to the United States Sixth Circuit Court of Appeals.

On June 15, 2015, the Trustee filed a Motion for Turnover of Property of the Estate, seeking to marshal all of Debtor's assets. The Court subsequently held a multiple day evidentiary hearing on the Motion.

2

17-04082-mbm    Doc 37    Filed 04/13/17    Entered 04/13/17 13:07:25    Page 2 of 17

On December 17, 2015, this Court issued an Opinion setting forth the assets owned or controlled by Debtor and entered an Order requiring turnover of those assets to the Chapter 7 Trustee. One of the assets which this Court included as property of the bankruptcy estate is real property located at 1201-1209 Bagley, Detroit, MI (the "Bagley Property"). This Court found that, although the Bagley Property was titled in KWF's name, Debtor had co-mingled his assets with those of KWF to such an extent that Debtor's 50% interest in the Bagley Property was property of the bankruptcy estate.[1] The other 50% interest in the Bagley Property is held by the Charles H. Brown Trust. (See, Docket No. 344, Opinion Requiring Debtor to Turnover Assets to the Bankruptcy Estate, pp. 26-32)

On December 23, 2015, Debtor Gregory Reed and Keeper of the Word Foundation appealed this Court's December 17, 2015 ruling.

On January 4, 2016, this Court entered an Amended Order Granting Chapter 7 Trustee's Motion for Turnover.[2]

On August 30, 2016, the Trustee filed a Motion for Sale of the Bagley Property. The Trustee sought to sell the Bagley Property to Byzantine Holdings, LLC for $1,060,000.00. The Trustee and the Charles H. Brown Trust (the co-owner of the Bagley Property) accepted the offer subject to Court approval and the entry of an order authorizing the sale of the Property.

Between September 19, 2016 and September 30, 2016, KWF, Debtor Gregory Reed,

---

[1] The December 17, 2015 Opinion contains a lengthy statement of the facts detailing the Debtor's commingling of his assets with those of KWF.

[2] The original Order entered with the Opinion Granting Chapter 7 Trustee's Motion for Turnover was amended to fix a typographical error in the address of the property located on Burns, Detroit, MI.

3

Gregory J. Reed & Associates, P.C., the Gregory J. Reed Scholarship Foundation, and two individuals, K. El Hakim and L Wilson, filed objections to the Motion for Sale of the Bagley Property.

On October 11, 2016, the United States District Court for the Eastern District of Michigan issued its Amended Opinion and Order Affirming the Bankruptcy Court's January 4, 2016 Order requiring turnover of the assets. That Opinion and Order affirmed the Bankruptcy Court's ruling that Debtor's bankruptcy estate includes a 50% interest in the Bagley Property. *See, Reed v. Nathan,* 558 B.R. 800 (E.D. Mich. 2016). KWF is appealing this Opinion and Order to the United States Sixth Circuit Court of Appeals.

On October 18, 2016, counsel for KWF filed a Motion to Withdraw as counsel. On October 24, 2016, counsel for Debtor Gregory Reed filed a Motion to Withdraw as counsel.

On November 3, 2016 and November 8, 2016, creditor Verladia Blount (Debtor's ex-wife) and the Charles H. Brown Trust (the other 50% co-owner of the Bagley Property) filed concurrences with the Trustee's Motion for Sale of the Bagley Property.

On November 8, 2016, this Court entered its Order Approving Sale of Real Property and for Payment of Real Property Taxes and Closing Costs at Closing. Debtor did not appeal the Order Approving Sale.

**Adversary Case No. 16-05089**

On November 16, 2016, KWF filed a Complaint in the Wayne County Circuit Court against Kenneth A. Nathan, Chapter 7 Trustee, David Findling, Special Counsel for Trustee, Byzantine Holdings, LLC, Dwellings Unlimited, LLC, Debtor's Estate and John Does. (Wayne

4

County Circuit Court Case No. 16-014948-CH). The Complaint contained the following counts:

> Count I - Declaratory Relief, requesting that the state court void orders of the bankruptcy court and award KWF compensatory damages of $600,000.
>
> Count II - Fraudulent Conveyance, requesting that the state court void orders of the bankruptcy court and the federal district court and award KWF treble damages in excess of $1.8 million.
>
> Count III - Abuse of Process, alleging that Defendants' actions in the bankruptcy case were an abuse of process and seeking damages in excess of $25,000.
>
> Count IV - Slander of Title, alleging that Defendants unlawfully encumbered assets of KWF and seeking damages in an unspecified amount.
>
> Count V- Business Interference: Disrupt Charitable Purposes, alleging that Defendants engaged in malicious acts and seeking damages in excess of one million dollars.
>
> Count VI - Violation of Elliot Larsen Act, alleging that Defendants violated the Elliott Larsen Act and seeking damages in an unspecified amount.

On November 23, 2016, the trustee Kenneth Nathan and his Special Counsel, David Findling, filed a notice to remove the Wayne County Circuit Court proceeding (Case No. 16-014948-CH) to the Bankruptcy Court. The removed case was given Adversary Case No. 16-05089.

On January 10, 2016, Dwellings Unlimited, LLC, a Defendant in the removed state court case, filed a Motion to Dismiss. On January 13, 2017, defendants Kenneth Nathan and David Findling filed a Motion for Summary Judgment in the removed state court case.

On March 1, 2017, this Court issued and Opinion and Order: (1) Granting Defendants Findling and Nathan's Motion for Summary Judgment; (2) Granting Defendant Dwellings Unlimited LLC's Motion to Dismiss; and (3) Dismissing Complaint as to All Defendants. (Docket No. 58 and 59).

5

**Adversary Case No. 17-04082**

On January 20, 2017, Debtor Gregory James Reed ("Plaintiff") filed a complaint ("Complaint") in the Wayne County Circuit Court against David M. Findling, Agents, Associates, Employers & John Does. (Wayne County Circuit Court Case No. 17-000506-CZ). The "Michigan Attorney General" was also a named as a plaintiff. The Complaint contained the following counts: Count I - Breach of Fiduciary Duty; Count II - Conflict of Interest; Count III - Breach of Confidentiality; Count IV - Extortion; Count V- Abuse of Process; Count VI - Misrepresentation; Count VI [sic] - Malicious Prosecution; and Count VII [sic] - Injunctive Relief Attorney General.

On January 24, 2017, Defendant, Special Counsel David Findling, filed a notice to remove the Wayne County Circuit Court proceeding (Case No. 17-000506-CZ) to the Bankruptcy Court. The removed case was given Adversary Case No. 17-04082.

On February 14, 2017, Plaintiff Reed filed a Motion for Remand. The Motion for Remand alleged that the case should be remanded to state court because the Complaint involved state law causes of action. The Motion for Remand was subsequently stricken by the Bankruptcy Court because the Motion for Remand was signed by Joseph Wright, and Joseph Wright is not a party authorized to file pleadings in the Bankruptcy Court for the Eastern District of Michigan. (United States Bankruptcy Court for the Eastern District of Michigan Administrative Procedures for Electronic Case Filing, ECF Procedure 4(a)(1)).

On February 22, 2017, Defendant David Findling filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Bankr. P. 56.

On March 28, 2017, Plaintiff Reed, Defendant Findling, and counsel for the Michigan

6

Attorney General stipulated to dismissal of the Michigan Attorney General. An Order Dismissing the Attorney General was entered on the same day.

On March 28, 2017, Plaintiff Reed filed a response to Defendant David Findling's Motion to Dismiss.

II.

LEGAL STANDARDS

A.  Standard for Motion to Dismiss

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Complaint must allege facts which, if proven, would entitle Plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *See also, First Am. Title Co. v. DeVaugh*, 480 F.3d 438, 443 (6th Cir. 2007). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.*, 108 F.3d 86, 88 (6th Cir. 1997). When reviewing a motion to dismiss, the court should "construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." *Bovee v. Coopers & Lybrand*, C.P.A., 272 F.3d 356, 360 (6th Cir. 2001); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

B.  Standard for Summary Judgment

Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Fed.

R. Bankr. P. 7056 (Rule 56 applies in adversary proceedings). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). After adequate time for discovery and upon motion, Rule 56(c) mandates summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The movant has an initial burden of showing "the absence of a genuine issue of material fact." *Celotex*, 477 U.S. 317, 323. Once the movant meets this burden, the non-movant must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the non-movant must present sufficient evidence upon which a jury could reasonably find for the non-movant; a "scintilla of evidence" is insufficient. *Liberty Lobby*, 477 U.S. at 252. The court must believe the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *Id*. at 255.

III.

OVERVIEW OF PLAINTIFF'S COMPLAINT

Before applying the relevant law to the facts of this case, this Court must attempt to make sense of the Complaint filed by Plaintiff Reed in state court. The first nineteen paragraphs ("factual background") and the first three counts of Plaintiff's state court Complaint, allege that Defendant Findling, in his capacity as state court receiver, appointed in the divorce action,

8

breached a fiduciary duty owed by Findling to Reed.  The Complaint does not give any facts as to why Plaintiff believes Defendant Findling had a fiduciary duty to him.  Paragraphs 20 through 36 ("the factual background") and Counts IV-VII of Plaintiff's state court Complaint, allege that actions taken by Defendant Findling in his capacity as Special Counsel to the Chapter 7 Trustee are acts beyond the scope of Defendant Findling's employment. Specifically, Plaintiff accuses Defendant Findling of violating the automatic stay in seeking to recover assets of the bankruptcy estate and alleges that Findling's actions amount to extortion and slander.  The Complaint, other than in the caption, makes no mention of the "Agents, Associates, Employers and John Does".

## IV.

## ANALYSIS

A.  <u>Counts I-III of Plaintiff's Complaint Must Be Dismissed Because Plaintiff Has Failed to State a Claim upon Which Relief Can Be Granted.</u>

Counts I, II and III of Plaintiff's Complaint allege that Defendant Findling breached a fiduciary duty to Plaintiff, had a conflict of interest with Plaintiff, and breached a duty of confidentiality he owed to Plaintiff.  This Court finds that, in all of these Counts, Plaintiff has failed to state a claim upon which relief can be granted because Defendant never represented Plaintiff Reed in either the state court divorce action, the bankruptcy case, or any other proceeding.  Defendant also never represented creditor Verladia Blount.

The facts regarding any relationship Defendant had with Plaintiff are as follows. In 2004, Defendant Findling represented an entity in which Plaintiff Reed had an interest, Equestrian Estates Limited Partnership.  Defendant represented Equestrian Estates for the sole purpose of attempting to intervene in the state court divorce action to protect the interests of the

other partners in Equestrian Estates, should Reed's interest in Equestrian Estates become a subject of the divorce action. Equestrian Estates' Motion to Intervene in the divorce action was denied, and Findling subsequently withdrew as counsel. (See, Docket No. 14, Defendant's Brief in Support of Motion to Dismiss, p. 2-4).

On September 6, 2013, Defendant Findling was appointed as the Receiver by the Wayne County Circuit Court in the divorce action for the purpose of enforcing the terms of the judgment of divorce. Reed challenged Defendant's appointment alleging that Defendant had a conflict of interest due to his representation of Equestrian Estates in 2004. On June 2, 2014, the Wayne County Circuit Court held a hearing on Reed's objections, and overruled the objections. On June 12, 2014, the Wayne County Circuit Court entered an order reaffirming the appointment of Defendant Findling as the receiver in the divorce action. The Order stated:

> This matter having come before the Court on Defendant's [Reed] objections to the appointment of David Findling as Receiver in this matter, the Court having considered the court filings, having heard oral arguments, and taken testimony from the parties and the Receiver, and being otherwise fully informed in the premises;
>
> NOW THEREFORE;
>
> IT IS HEREBY ORDERED that for the reasons set forth on the record at the hearing held on the afternoon of June 2, 2014, the Court finds that there is no conflict or other impediment to David Findling serving as Receiver of the Defendant, Gregory J. Reed, in this matter.

Reed did not appeal the Order appointing David Findling as Receiver.

On August 24, 2014, Reed filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Kenneth Nathan was appointed as the Chapter 7 Trustee. On February 4, 2015, the Trustee filed an Application to Employ the Findling Law Firm as Special Counsel. On February

4, 2015, this Court entered an Order approving the Application for Approval of the Findling Law Firm as Special Counsel.  On February 8, 2015, Plaintiff Reed filed a Motion to Vacate the Order Appointing the Findling Law Firm as Special Counsel.  The Motion alleged that David Findling had a conflict of interest with the bankruptcy estate because of his role as court-appointed Receiver in the divorce action.  This Court held a hearing on Plaintiff Reed's Motion to Vacate.  At the conclusion of the hearing, this Court rejected Plaintiff's arguments regarding Defendant's alleged conflict of interest.  This Court entered on Amended Order Approving Employment of the Findling Law Firm as Special Counsel.  (Docket No. 118).

The facts set forth above establish that Defendant Findling never represented either Plaintiff Gregory Reed or Creditor Verladia Blount.  Defendant has never had a fiduciary relationship with Plaintiff.  Both this Court and the Wayne County Circuit Court have already ruled that Defendant had no conflict of interest which would preclude him from serving as receiver in the divorce action or Special Counsel to the Trustee in the bankruptcy case.  Since Defendant had no fiduciary relationship with Plaintiff, Plaintiff cannot state a claim for either breach of fiduciary duty or breach of confidentiality nor can Plaintiff state a claim stemming from a conflict of interest between Defendant and the bankruptcy estate.  Therefore, Defendant is entitled to dismissal of Counts I, II and III of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

B.  <u>Plaintiff's Complaint Must Be Dismissed Because Defendant Is Protected from Lawsuits Relating to Acts Performed in His Official Capacity as Special Counsel to the Trustee.</u>

Plaintiff's lawsuit is a suit against Defendant Findling in his capacity as Special Counsel to the Chapter 7 Trustee. Chapter 7 Trustees and their counsel are protected from suit by both the Barton Doctrine, and quasi judicial immunity. Because Defendant Findling is protected from suit by both the Barton Doctrine and quasi judicial immunity, Plaintiff's Complaint must be dismissed.

1. <u>The Barton Doctrine Requires a Party to Obtain Leave of Court Before Filing Suit Against a Court-appointed Trustee.</u>

In 1881, the United States Supreme Court addressed the issue of suits against court appointed receivers. *Barton v. Barbour,* 104 U.S. 126, 129 (1881). In the *Barton* case, the Supreme Court held that a suit could not be maintained against a receiver for an act in his official capacity without first obtaining leave from the court which had appointed him. This tenet of law became known as the Barton Doctrine. *See also*, *Greenblatt v. Richard Potasky Jeweler, Inc. (In re Richard Potasky Jeweler, Inc.)*, 222 B.R. 816, 822-23 (S.D. Ohio 1998). It is well established that the rule applies in bankruptcy proceedings and to bankruptcy trustees. *Id. (citing Vass v. Conron Bros. Co.,* 59 F.2d 969, 971 (2d Cir. 1932) and *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993)). In the *DeLorean Motor* case, a defendant in a fraudulent transfer action filed suit against the chapter 7 trustee without first obtaining leave of the bankruptcy court. The Sixth Circuit in the *DeLorean Motor* case articulated the Barton Doctrine in this way:

> [i]t is well settled that leave of the appointing forum must be obtained by any party wishing to institute an action in a non-appointing forum against a trustee, for acts done in the trustee's official capacity and within the trustee's authority as an officer of the court.

*DeLorean Motor,* 991 F.2d at 1240.

In the instant case, Plaintiff has sued Defendant Findling his capacity as Special Counsel to the Trustee without obtaining permission from this Court. Plaintiff could only avoid the application of the Barton doctrine if the acts complained of were outside the scope of the Trustee's official duties. For the reasons set forth below, all acts complained of in Plaintiff's Complaint are acts within the scope of the Trustee's duties. There is no question of material fact on this issue. Plaintiff's failure to request permission from this Court prior to instituting suit against Defendant in his capacity as Special Counsel requires dismissal of Plaintiff's Complaint pursuant to Fed. R. Civ. P. 56(a).

    2.    <u>Defendant, in His Capacity as Special Counsel to the Trustee, Is Immune from Suit Because His Actions Were Performed in His Official Capacity.</u>

It is well-established that trustees, their counsel, and professionals employed by the trustee are entitled to immunity from suit for acts performed in their official capacities. *In re McKenzie,* 716 F.3d 404, 411-12 (6th Cir. 2013). In the *McKenzie* case, a law firm which had represented a debtor prior to his bankruptcy, brought suit against the chapter 7 trustee, the trustee's counsel, and the debtor's bankruptcy counsel, alleging malicious prosecution and abuse of process. The Sixth Circuit affirmed the bankruptcy court's dismissal of the suit, holding that all parties were entitled to immunity.

The only exception to the general rule that trustees and their counsel are immune from suit is when the trustee acts willfully and deliberately in violation of his/her official duties. *Ford Motor Credit Co. v. Weaver,* 680 F.2d 451, 462 (6th Cir.1982); *See also, In re Heinsohn,* 231 B.R. 48, 64 (E.D. Tenn. 1999) *aff'd.* 247 B.R. 237 (E.D. Tenn. 2000)(court found that trustee was immune from claims of malicious prosecution and defamation arising from trustee's criminal referral of debtor because such a referral is within the trustee's duties). *See also,*

13

17-04082-mbm    Doc 37    Filed 04/13/17    Entered 04/13/17 13:07:25    Page 13 of 17

*Kashani v. Fulton (In re Kashani),* 190 B.R. 875, 883 (9th Cir. BAP 1995).

In the instant case, Plaintiff could only maintain a suit against Defendant Findling if Defendant had engaged in conduct outside his official duties as Special Counsel to the Chapter 7 Trustee. Pursuant to 11 U.S.C. § 704(c), the duties of a trustee include: (1) collecting and reducing to money the property of the estate for which the trustee serves; (2) being accountable for all property received; (3) investigating the financial affairs of the debtor; and (4) if advisable, opposing the discharge of the debtor. The acts complained of in Counts IV, V, and VI of Plaintiff's Complaint all relate to the Trustee and Defendant's efforts to marshal and administer assets of Plaintiff's bankruptcy estate. Liquidating assets of the bankruptcy estate is not abuse of process or malicious prosecution. Therefore, because the Trustee and Special Counsel were acting in their official capacity when they sought to recover Plaintiff's assets, this Court finds that Plaintiff cannot state a claim against the Trustee or Special Counsel and, accordingly, Defendant Findling is entitled to dismissal of Plaintiff's Complaint against them pursuant to Fed. R. Civ. P. 12(b)(6).

    C.    <u>Plaintiff's Complaint Must Be Dismissed Because the Complaint Is an Attempt to Re-litigate Prior Rulings of this Court.</u>

Even if Defendant was not protected from suit by the Barton Doctrine and immunity, Defendant is entitled to summary judgment as to all counts of Plaintiff's Complaint because the Complaint is yet another attempt by Plaintiff/Debtor to re-litigate multiple prior rulings of this Court. Plaintiff remains dissatisfied with every ruling made by this Court, but most specifically: (1) the appointment of David Findling as Special Counsel; (2) the Opinion and Order Requiring Debtor to Turnover Assets to the Bankruptcy Estate entered on December 17, 2015 and affirmed

14

on appeal on October 11, 2016 in *Reed v. Nathan*, 558 B.R. 800 ("Turnover Order"); and (3) the Order Authorizing the Sale of the Bagley Property entered on November 8, 2016 ("Sale Order").

Plaintiff never appealed the Order Appointing David Findling as Special Counsel and cannot use this lawsuit to challenge an order entered on March 4, 2015. With regards to the Turnover Order and the Sale Order, this Court went to great lengths in its Opinion and Order Granting Summary Judgment in Adversary Proceeding 16-05089 (Docket No. 58) to explain why the doctrine of collateral estoppel precludes re-litigation of those Orders. Because Plaintiff was an active participant in opposing the Turnover Motion and Sale Motion, the doctrine of collateral estoppel is as applicable to him as it was to the Plaintiff ( Keeper of the Word Foundation) in Adversary Proceeding 16-05089.

The facts and the record support this Court's conclusion that Plaintiff's Complaint is a collateral attack on prior orders of the Court. Because all issues raised in Counts IV - VII of Plaintiff's Complaint have been ruled upon previously by this Court, and final judgments have been entered, Plaintiff's Complaint fails to raise any issues of material fact and Defendant is entitled to judgment as a matter of law on Counts IV - VII of Plaintiff's Complaint.

D.  <u>Plaintiff Has Failed to State a Claim Against Defendants "Agents, Associates, Employers and John Does."</u>

Plaintiff's Complaint names as Defendants "Agents, Associates, Employers and John Does." The Complaint itself makes no allegations against any of these named, yet unidentified, Defendants. Since Plaintiff makes no allegations against any of these unidentified Defendants,

Plaintiff has failed to state a claim against any of these Defendants, and these Defendants are dismissed from this case pursuant to Fed. R. Civ. P. 12(b)(6).

E.    Plaintiff's Response to Defendant's Motion to Dismiss

On March 28, 2017, Plaintiff filed a response to Defendant's Motion to Dismiss. Plaintiff's response fails to supply any additional facts or law which could defeat Defendant's Motion to Dismiss and/or for Summary Judgment. The essence of Plaintiff's Response is that Plaintiff's Complaint raises state law issues which must be remanded to the state court.

This Court rejects Plaintiff's argument. A response to a Motion to Dismiss cannot be used as a vehicle for seeking remand of a removed case. Plaintiff attempted to file a Motion for Remand, but the Motion was stricken because it was signed by Joseph Wright. Joseph Wright is not authorized to file pleadings in the Bankruptcy Court for the Eastern District of Michigan pursuant to the United States Bankruptcy Court for the Eastern District of Michigan Administrative Procedures for Electronic Case Filing, ECF Procedure 4(a)(1). Because the Motion for Remand was stricken and never re-filed by an attorney authorized to file in this Court, the Court was not required to rule on the Motion for Remand.

Even if the Court had ruled on the Motion for Remand, however, the Motion would have been denied. The Complaint initially filed by Plaintiff Reed in state court is a lawsuit against David Findling in his capacity as Special Counsel to the Chapter 7 Trustee. Pursuant to 28 U.S.C. § 1334(c)(2), mandatory abstention is only required if a matter is not a core proceeding. Core proceedings include any matter concerning the administration of the estate. Plaintiff's Complaint is an attack on Defendant David Findling, in his capacity as Special Counsel. As

16

such, the Complaint is a matter concerning the administration of the estate and is within this Court's core jurisdiction. Mandatory abstention is not required. Plaintiff's argument that the Motion to Dismiss should be denied on the grounds that this matter must be remanded to state court is rejected by this Court.

V.

CONCLUSION

For all the reasons set forth above, with regards to Counts I, II and III, Plaintiff has failed to state a claim upon which relief can be granted. With regards to all Counts of Plaintiff's Complaint, Defendant is entitled to dismissal of Plaintiff's Complaint because he is protected by the Barton Doctrine, quasi judicial immunity and principles of estoppel. In addition, Plaintiff has failed to state a claim for which relief can be granted against the named, but unidentified Defendants (Agents, Associates, Employers and John Does). Accordingly, Defendant's Motion to Dismiss and/or for Summary Judgment is GRANTED with respect to all Defendants.

Signed on April 13, 2017

/s/ Marci B. McIvor
Marci B. McIvor
United States Bankruptcy Judge